UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NINTENDO OF AMERICA INC., <br><br> Plaintiff, <br><br> vs. <br><br> LE HOANG MINH, d/b/a WINMART <br><br> Defendant. | PLAINTIFF'S MOTION FOR LEAVE TO SERVE PROCESS BY ALTERNATIVE MEANS AND MEMORANDUM IN SUPPORT <br><br> NO. 2:20-cv-01707-JRC <br><br> NOTE ON MOTION CALENDAR: December 25, 2020 |

## I. INTRODUCTION

Plaintiff Nintendo of America Inc. asks that the Court authorize Nintendo to serve Defendant Le Hoang Minh, d/b/a Winmart, through alternative means under Federal Rule of Civil Procedure 4(f)(3). Defendant is a resident of Vietnam. By filing a counter-notification under the Digital Millennium Copyright Act ("DMCA"), Defendant has expressly submitted himself to the jurisdiction of this Court and expressly agreed to accept service. *See* 17 U.S.C. 512(g)(3)(D). Considering this, Nintendo seeks leave of Court to effect service under Federal Rule of Civil Procedure 4(f)(3), using the email address from which Defendant submitted the DMCA counter-notification described in Nintendo's complaint and discussed further below.

Courts in this District and around the country have found that alternative service by email is appropriate in cases involving foreign defendants submitting DMCA counter-notifications. Because the same holds true here, and because service by email would comport with the Federal Rules of Civil Procedure and constitutional due process, the Court should grant Nintendo's request and allow it to achieve service on Defendant at the email addresses from which he submitted his DMCA counter-notification.

Motion for Leave to Serve Process by Alternative Means

No. 2:20-cv-01707-JRC

- 1 -

Pirkey Barber PLLC
1801 E. 6th Street, Suite 300
Austin, TX 78702
(512) 322-5200

## II. FACTUAL BACKGROUND

Counsel for Nintendo represents the following facts to the Court regarding Nintendo's attempted service to and ability to serve Defendant:

A.  **Defendant Offers a Circumvention Device Infringing Nintendo's Rights.**

Nintendo is a Washington corporation headquartered in Redmond, Washington. It is a wholly owned subsidiary of Nintendo Co., Ltd., a Japanese company headquartered in Kyoto, Japan. Nintendo develops and designs electronic video game consoles, games, and accessories, and goes to great lengths to protect its creative and financial investment in its video games and video game consoles. Specifically, Nintendo has incorporated sophisticated technological protection measures in both its Nintendo Switch video game console and video games playable on the Switch. These measures protect Nintendo's copyrighted software and prevent piracy.

Defendant offers to the public, sells, and otherwise traffics in a circumvention device known as the RCM Loader, the sole purpose of which is to hack or "jailbreak" Nintendo's video game consoles. This hacking process circumvents Nintendo's technological protection measures, allowing people to play pirated video games and to load other unauthorized software onto the console. Nintendo learned of Defendant's infringing conduct through product listings on Amazon.com offering Defendant's RCM Loader for sale in the United States. Defendant's acts facilitate infringement of Nintendo's copyrighted works on a massive national and international scale, including on the Amazon.com e-commerce platform ("Amazon").[1] Amazon.com, Inc., which owns and operates Amazon, is headquartered in this District. All personal information for sellers on Amazon, including Defendant's contact information, is protected from public view.

---

[1] Nintendo's Complaint contains a more detailed explanation of the underlying facts. ECF No. 1 ("Compl.").

Motion for Leave to Serve Process by Alternative Means

No. 2:20-cv-01707-JRC

- 2 -

Pirkey Barber PLLC
1801 E. 6th Street, Suite 300
Austin, TX 78702
(512) 322-5200

The information on record for Defendant consists only of the information Nintendo received via the Defendant's counter-notification.

**B.    Nintendo Files a DMCA Takedown Notice Relating to Defendant's Infringing Device.**

After Defendant's circumvention device was brought to Nintendo's attention, Nintendo filed a DMCA takedown notice with Amazon on October 21, 2020, under 17 U.S.C. § 512(c). In response to Nintendo's DMCA takedown notice, Defendant submitted a DMCA counter-notification to Amazon under 17 U.S.C. § 512(g)(3) on November 4, 2020. As part of the counter-notification, and as required by statute, Defendant declared the following under penalty of perjury:

- *"My name, address, and telephone number are: Le Hoang Minh, 190, Da Nang, Thanh Khe, Vietnam - 550000, +84983811511."*
- *"I hereby consent to the jurisdiction of any United States federal district court in which Amazon.com and its affiliates may be found."*
- *"I agree to accept service of process from the complainant."*

A true and correct copy of the counter-notification is attached to the Complaint in this proceeding. Compl., Ex. A; *see also* 17 U.S.C. § 512(g)(3) (requiring the counter-noticing party to include these attestations in the counter-notification). In addition, the email address from which Defendant submitted the counter notification, and which Nintendo herein seeks leave to serve—minhkayak43@gmail.com—was copied on the counter-notice notification that Nintendo received from Amazon. *See id.*

Based on Defendant's sworn statements in the counter-notification, Defendant resides in Da Nang, Vietnam, and not in any state or location in the United States. *Id.* Thus, Defendant, operating individually or as "Winmart," is not believed to be incorporated in or to be found in

Motion for Leave to Serve Process by Alternative Means

No. 2:20-cv-01707-JRC

- 3 -

Pirkey Barber PLLC
1801 E. 6th Street, Suite 300
Austin, TX  78702
(512) 322-5200

any state in the United States. It is unclear whether Defendant actually resides or can receive mail at the physical address in Vietnam listed in the counter-notification, which Defendant submitted to Amazon electronically.

### III.  ARGUMENT

The Court should grant leave for Nintendo to serve Defendant at the email address listed in Defendant's DMCA counter-notification. Email service is the most likely method to successfully reach Defendant and provide actual notice of this suit. Furthermore, by statutory requirement and sworn statement, Defendant expressly consented to this Court's jurisdiction and to accept service of process when he submitted the DMCA counter-notification. Specifically, Defendant expressly swore to "accept service of process." *Id.*

**A.     Service by email comports with the DMCA framework.**

Defendant's submission to these requirements tracks the DMCA counter-notification statute, which provides in relevant part:

> To be effective under this subsection, a counter notification must be a written communication provided to the service provider's designated agent that includes substantially the following:
>
> (A) A physical or electronic signature of the subscriber.
>
> (B) Identification of the material that has been removed or to which access has been disabled and the location at which the material appeared before it was removed or access to it was disabled.
>
> (C) A statement under penalty of perjury that the subscriber has a good faith belief that the material was removed or disabled as a result of mistake or misidentification of the material to be removed or disabled.
>
> (D) The subscriber's name, address, and telephone number, and **a statement that . . . the subscriber will accept service of process from**

Motion for Leave to Serve Process by Alternative Means

No. 2:20-cv-01707-JRC

- 4 -

Pirkey Barber PLLC
1801 E. 6th Street, Suite 300
Austin, TX  78702
(512) 322-5200

> **the person who provided notification under subsection (c)(1)(C) or an agent of such person.**

17 U.S.C. § 512(g)(3)(D) (emphasis added).

By supplying its own framework for notifications and counter-notifications, and by specifying that a party submitting a counter-notification under the DMCA "will accept" service, the DMCA arguably supplants the default rules on service set out in FRCP 4. *See infra* note 3. On this ground alone, the Court could find it proper to serve Defendant at his email address, based on his express agreement to accept service by statute. *See* 17 U.S.C. § 512(g)(3)(D).

**B.      Service by email is consistent with FRCP 4(f).**

Even if this Court does not accept that the DMCA supplants the otherwise applicable rules on service, the Court should allow service by email under FRCP 4(f)(3), which provides that plaintiffs may serve foreign defendants "by other means not prohibited by international agreement, as the court orders," so long as the alternative means of service comport with the requirements of due process. *See* Fed. R. Civ. P. 4(f)(3); *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 313 (1950); *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1016 (9th Cir. 2002). An alternative means of service comports with due process if it is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane*, 339 U.S. at 314; *see also Rio Props.*, 284 F.3d at 1016−17.

This Court has routinely authorized service on foreign defendants by email under FRCP 4(f)(3). *See, e.g., Philips Oral Healthcare, LLC v. Shenzhen Sincere Mold Tech. Co.*, No. 2:18-CV-01032-TSZ, 2019 WL 1572675, at *6 (W.D. Wash. Apr. 11, 2019); *Sun v. Kao*, 170 F. Supp. 3d 1321, 1327 (W.D. Wash. 2016). "Service of process under Rule 4(f)(3) 'is neither a "last resort" nor "extraordinary relief,"' but rather 'one means among several which enables service

Motion for Leave to Serve Process by Alternative Means

No. 2:20-cv-01707-JRC

- 5 -

Pirkey Barber PLLC
1801 E. 6th Street, Suite 300
Austin, TX  78702
(512) 322-5200

of process on an international defendant.'" *United States v. Pomerantz*, No. 16-0689JLR, 2017 WL 1037552, at *2 n.1 (W.D. Wash. Mar. 17, 2017) (quoting *Rio Props*, 284 F.3d at 1014−15). Similarly, there is no preference in the rules between service under FRCP 4(f)(1) or 4(f)(2), and alternative service under Rule 4(f)(3). "Rule 4(f) does not create a hierarchy of preferred methods of service of process and, court-directed service under Rule 4(f)(3) is as favored as service available under Rule 4(f)(1) or 4(f)(2)." *Craigslist, Inc. v. Meyer*, No. C 09-4739 SI, 2010 WL 2975938, at *1 (N.D. Cal. July 26, 2010) (citation and internal quotation marks omitted); *see also Rio Props.*, 284 F.3d at 1014−15 (there is "no support" for the argument that Rule 4(f) "create[s] a hierarchy of preferred methods of service of process"). Nintendo was recently authorized to serve by alternative means (via e-email) in another case concerning circumvention devices in this District. *Nintendo of America Inc. v. Does 1-20, d/b/a, ANXCHIP.COM, et. al.,* No. 2-20-CV-00738-TSZ, Dkt. 20 (W.D. Wash. July 14, 2020).

C. **Service by email is consistent with notions of due process.**

Service by email here also comports with due process. This Court's sister districts have reached this same conclusion, allowing service by email in lawsuits following a DMCA counter-notification. *See Epic Games, Inc. v. Mendes*, No. 17-CV-06223-LB, 2018 WL 582411, at *3 (N.D. Cal. Jan. 29, 2018). "Where, as here, a defendant has submitted a DMCA counter-notice that lists his or her email address and that expressly states that he or she 'will accept service of process,' courts have allowed plaintiffs to serve the summons and complaint on that email and have held that such service comports with due process." *Id.*; *see also Ultra Records, LLC v. Chee Yee Teoh*, No. 16CV9996 (DLC), 2017 WL 1753485, at *1 (S.D.N.Y. Apr. 18, 2017) (same holding); *Xcentric Ventures, LLC v. Karsen, Ltd.*, No. CV 11-1055-PHX-FJM, 2011 WL 3156966, at *1 (D. Ariz. July 26, 2011) (same).

Motion for Leave to Serve Process by Alternative Means

No. 2:20-cv-01707-JRC

- 6 -

Pirkey Barber PLLC
1801 E. 6th Street, Suite 300
Austin, TX  78702
(512) 322-5200

Indeed, the entire DMCA notification and counter-notification procedure contemplated by statute is, in practice, achieved through email communications. It thus logically follows that Defendant should expect to receive further messages regarding his counter-notification at the same email address he used to submit the counter-notification. To give effect to the DMCA's express requirement that Defendant "will accept" service, this Court should find that service by email, as permitted by Rule 4(f)(3), is presumptively a proper means of alerting a foreign-based Defendant of a lawsuit stemming from that Defendant's own DMCA counter-notification.

Although Defendant's DMCA counter-notification contains a physical address in Vietnam, it is impossible for Nintendo to verify whether this address is reliable or if service via registered mail will reach the Defendant at this address. [2] Numerous courts, including the Ninth Circuit and this Court, have acknowledged that service by email is a reasonable means of giving defendants notice, and often the means with the best chance of success. "If any method of communication is reasonably calculated to provide [defendants] with notice, surely it is email." *Rio Props.*, 284 F.3d at 1018 (allowing service by email where defendant "designated its email address as the preferred contact information").

Here, Defendant provided his email address in the DMCA counter-notification submitted to Amazon, the platform on which he traffics the circumvention device. Because Defendant provides his email address and explicitly accepts service of process from Nintendo in the same counter-notice, Defendant has indicated that his email is the preferred method for service. Email thus is reasonably calculated to apprise Defendant of the pendency of this action and afford Defendant an opportunity to present its objections. *Mullane*, 339 U.S. at 314.

---

[2] Nonetheless, out of an abundance of caution, Nintendo has mailed service copies of the summons and complaint to Defendant's alleged physical address in Vietnam by registered mail with a return receipt.

Motion for Leave to Serve Process by Alternative Means

No. 2:20-cv-01707-JRC

- 7 -

Pirkey Barber PLLC
1801 E. 6th Street, Suite 300
Austin, TX  78702
(512) 322-5200

Nintendo has no reason at this time to believe that Defendant has provided Amazon with a false or invalid email address. Amazon requires its sellers to provide a valid business email addresses for communicating with the Amazon and for DMCA takedown purposes. *See* Amazon's seller requirements page at https://sell.amazon.com/sell.html. Sellers must maintain accurate business email addresses where Amazon and payment processors may contact them with issues and documents related to payment and transfers funds. Thus, any email sent to Defendant through this email address will reliably reach Defendant.

Accordingly, service by email comports with the requirements of FRCP 4(f)(3) and due process.[3] This Court should exercise its discretion to allow this alternative method of service, which aligns with the DMCA and which will reliably provide Defendant with notice of this action.

## IV. CONCLUSION

The Defendant has agreed by statute to accept service of this action and has provided a presumptively valid email address as part of the DMCA counter-notification that led to this action. Serving Defendant at that email address is reasonably calculated to give notice of this

---

[3] Though granting leave to serve by email comports fully with FRCP 4(f)(3), the Court could also (or alternatively) grant leave on another theory. By mandating that the counter-noticing party "*will* accept service of process," 17 U.S.C. § 512(g)(3)(D), the DMCA creates a specific rule for this type of civil action. Given this statutory language and that the entire counter-notification process happens electronically, it logically follows that the DMCA contemplates email service *regardless* of FRCP 4(f)(3). In the event of any conflict between the DMCA and the Federal Rules, the statute should control—both because it is more specific to this type of action *and* because it was enacted after the most recent amendment to FRCP 4(f). *See Gozlon-Peretz v. United States*, 498 U.S. 395, 407 (1991) ("A specific provision controls over one of more general application."); *Hellon & Assocs., Inc. v. Phoenix Resort Corp.*, 958 F.2d 295, 297 (9th Cir. 1992) ("[T]o the extent that statutes can be harmonized, they should be, but in case of an irreconcilable inconsistency between them the later and more specific statute usually controls the earlier and more general one.").

Motion for Leave to Serve Process by Alternative Means

No. 2:20-cv-01707-JRC

- 8 -

Pirkey Barber PLLC
1801 E. 6th Street, Suite 300
Austin, TX  78702
(512) 322-5200

proceeding. For the reasons described above, Nintendo respectfully requests that this Court issue an order authorizing alternative service on the Defendant via the email address provided by Defendant in his DMCA counter-notification.

DATED December 7, 2020

By: s/ Christopher Weimer
Christopher Weimer (admitted pro hac vice)
Travis W. Wimberly (admitted pro hac vice)
Pirkey Barber PLLC
1801 E. 6th St., Suite 300
Austin, TX  78702
(512) 322-5200
(512) 322-5201 (fax)

By: s/Chelsey L. Mam
Michael Rosenberger
Chelsey L. Mam
Gordon Tilden Thomas & Cordell LLP
One Union Square
600 University St., Suite 2915
Seattle, WA 98101
(206) 467-6477
(206) 805-3161 (fax)

*Attorneys for Plaintiff Nintendo of America Inc.*

Motion for Leave to Serve Process by Alternative Means

No. 2:20-cv-01707-JRC

- 9 -

Pirkey Barber PLLC
1801 E. 6th Street, Suite 300
Austin, TX  78702
(512) 322-5200