UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

NINTENDO OF AMERICA, INC.,

Plaintiff,

v.

LE HOANG MINH, d/b/a WINMART,

Defendant.

CASE NO. 2:20-cv-01707-RSM-JRC

ORDER ON MOTION FOR LEAVE
TO SERVE PROCESS BY
ALTERNATIVE MEANS

This matter is before the Court on plaintiff's motion for leave to serve process by alternate means and on referral from the District Court. *See* Dkt. 10. For the reasons discussed herein, the Court grants the motion.

**BACKGROUND**

Plaintiff brings claims against defendant, a resident of Vietnam, for allegedly trafficking in a "circumvention device" that "jailbreaks" plaintiff's video game consoles, circumventing plaintiff's copyright protection systems and allowing people to play pirated video games. Dkt. 1, at 2–3. These claims are brought under the Digital Millennium Copyright Act (DMCA), 17

1    U.S.C. § 1201 *et seq.* *See* Dkt. 1, at 2. Specifically, plaintiff brings claims under 17 U.S.C. §§

2    1201(a)(2), (b)(1) for trafficking in certain devices (Dkt. 1, at 10, 12) and 17 U.S.C. § 512(f) for

3    abuse of DMCA counternotification. *See* Dkt. 1, at 14.

4        Plaintiff provides a DMCA counternotification that defendant filed with Amazon.com,

5    Inc., on November 4, 2020. Dkt. 10, at 3. That counternotification includes defendant's name

6    and address in Vietnam, consent to the jurisdiction of "any United States federal district court in

7    which Amazon.com and its affiliates may be found," and agreement to accept service from

8    plaintiff. *See* Dkt. 10, at 3.

9                   **DISCUSSION**

10        Plaintiff argues that service by email is appropriate either under the DMCA or under Fed.

11    R. Civ. P. 4(f)(3). *See* Dkt. 10, at 3–5. Finding that service by email is appropriate Fed. R. Civ.

12    P. 4(f)(3), the Court grants the motion and does not reach the alternative argument under the

13    DMCA, as discussed below.

14        Fed. R. Civ. P. 4(f)(3) authorizes service on individuals in a foreign country as follows:

15    Unless otherwise provided by federal law, service upon an individual from whom
a waiver has not been obtained and filed . . . may be effected in a place not within

16    any judicial district of the United States:
(1) by any internationally agreed means reasonably calculated to give notice, such

17    as those means authorized by the Hague Convention . . . ; or
. . . .

18    (3) by other means not prohibited by international agreement as may be directed by
the court.

19

20        Alternative service under Fed. R. Civ. P. 4(f)(3) is "neither a last resort nor extraordinary

21    relief. . . . It is merely one means among several which enable service of process on an

22    international defendant." *Rio Props. v. Rio Int'l Interlink*, 284 F.3d 1007, 1015 (9th Cir. 2002).

23    Alternative service methods approved by courts include email. *Id.* at 1016 (collecting cases).

24

1   "The decision whether to allow alternative methods of serving process under Rule 4(f)(3) is

2   committed to the sound discretion of the district court."  *Brockmeyer v. May*, 383 F.3d 798, 805

3   (9th Cir. 2004).

4          To authorize service under Rule 4(f)(3), the Court must find that the method of service

5   does not violate any international agreement or due process.  Here, there is no international

6   agreement prohibiting email service.  *See UnitedHealth Grp., Inc. v. United Healthcare, Inc.*,

7   No. 214CV00224RCJNJK, 2014 WL 12791252, at *3 (D. Nev. July 21, 2014) (finding that

8   service of process by mail and e-mail on Vietnam defendants was appropriate), *objections*

9   *overruled*, No. 2:14-CV-00224-RCJ, 2014 WL 4635882 (D. Nev. Sept. 16, 2014).

10          To comply with due process, a method of service must be "reasonably calculated, under

11   all the circumstances, to apprise interested parties of the pendency of the action and afford them

12   an opportunity to present their objections."  *Rio Props.*, 284 F.3d at 1016, 1017 (quoting *Mullane*

13   *v. Cent. Hanover Bank & Trust*, 339 U.S. 306, 314 (1950)).  Here, plaintiff is a Washington

14   corporation alleging that it learned of defendant's infringing conduct through product listings

15   that defendant offers as a seller on Amazon.com.  Plaintiff asserts that the only information it has

16   about defendant is the information that plaintiff received when defendant filed the DMCA

17   counter-notification.  The Court notes that plaintiff states it is also in the process of attempting

18   service at the physical address that plaintiff gave.  *See* Dkt. 10, at 7 n.2.

19          The notice of counter notification that plaintiff attaches to the complaint was sent by

20   Amazon.com to plaintiff, with a copy sent to the email address in question.  Because the email

21   address in question includes a portion of defendant's name and because Amazon.com is using

22   the email address as the means of communication with defendant, the Court finds that defendant

23   is likely using the email address in connection with the allegedly infringing activity and as a

24

1    primary means of communication.  Therefore, the Court concludes that service to this email

2    address is reasonably calculated under the circumstances to apprise defendant of the action.

3          Therefore, the Court will grant plaintiff leave to serve defendant via email at the email

4    address identified in plaintiff's motion.  *See* Dkt. 10.

5          Dated this 5th day of January, 2021.

6

7

8

9    J. Richard Creatura
     United States Magistrate Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

ORDER ON MOTION FOR LEAVE TO SERVE
PROCESS BY ALTERNATIVE MEANS - 4